# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **GARY FRIEDRICH ENTERPRISES, LLC,** )<br>An Illinois Limited Liability Company, )<br>)<br>**GARY FRIEDRICH**, an individual, )<br>)<br>PLAINTIFFS, )<br>vs. )<br>)<br>**MARVEL ENTERPRISES, INC.,** )<br>A Delaware Corporation )<br>**MARVEL ENTERTAINMENT, INC.,** )<br>A Delaware Corporation )<br>**MARVEL STUDIOS, INC.,** )<br>A Delaware Corporation )<br>**MARVEL CHARACTERS, INC.,** )<br>A Delaware Corporation )<br>**HASBRO, INC.,** )<br>A Rhode Island Corporation )<br>**TAKE-TWO INTERACTIVE** )<br>A Delaware Corporation )<br>**COLUMBIA TRI-STAR MOTION** )<br>**PICTURE GROUP,** )<br>A Joint Venture )<br>**COLUMBIA PICTURES INDUSTRIES,** )<br>**INC.,** )<br>A Delaware Corporation )<br>**CRYSTAL SKY PICTURES,** )<br>A California Corporation )<br>**RELATIVITY MEDIA LLC,** )<br>A California Corporation )<br>**MICHAEL DE LUCA PRODUCTIONS,** )<br>**INC.,** )<br>A California Corporation )<br>**SONY PICTURES ENTERTAINMENT,** )<br>**INC.,** )<br>A Delaware Corporation )<br>and )<br>**SONY CORPORATION OF AMERICA.** )<br>A New York Corporation )<br>)<br>DEFENDANTS. ) | Cause No. 07-230-WDS<br><br><br>**Jury Trial Demanded** |

Dockets.Justia.com

# COMPLAINT

Plaintiff, Gary Friedrich Enterprises, LLC and Gary Friedrich (hereafter together referred to as "Friedrich" or "Plaintiffs"), hereby assert this Complaint against the above-named Defendants for violations of the Federal Copyright Act, Federal Lanham Act and various state laws and for an accounting and states as follows:

## JOHNNY BLAZE/GHOST RIDER

1.      Johnny Blaze is a motorcycle riding stunt man. By day, taciturn and reserved with an outwardly tough demeanor, he hides the loss felt from the death of his father, Barton Blaze, at an early age,  the affection he feels for Roxanne, the love of his life, his guilt over his inability to save the life of Crash Simpson, the only father he'd ever known, and a heart of unparalleled concern for those around him.

2.      Each evening, in a painful transmutation, Johnny Blaze transforms into the Ghost Rider, a violent creature with a flaming skull, dressed in black leather, fire surrounding him and hurling from his fingertips. The Ghost Rider is propelled by evil to roam the earth by motorcycle bringing fire and fear to the world, yet somehow is able to bend the curse that transforms him and to use his evil-sourced powers to battle evil and to defend good while in his fiery state.

## THE ORIGIN STORY

3.      Johnny Blaze (hereafter sometimes referred to as "Blaze" or "Johnny Blaze/Ghost Rider") originally was a man by both day and night. Then, however, he promised the devil his soul in exchange for a promise to cure Crash Simpson, his adoptive father, from an incurable illness.  The devil kept his word and cured the man,

but then caused Crash to die in another fashion before attempting to claim Blaze's soul as agreed.

4.    Since that time, betrayed and anguished, Blaze fights off the devil's efforts to claim his soul, his resistance finding strength in Blaze's altruistic motive in seeking the devil's bargain in the first instance, the love and purity in Blaze's heart and his noble spirit.

5.    The strength of Johnny Blaze's soul allows him to continue his life as before, by day.  At night, however when evil's power rises, he finds himself transformed into the fiery Ghost Rider and forced towards evil as the devil's hold on his soul increases.

6.    Yet even at night, Blaze's purity of purpose and love in his soul is soon able to fight against the devil's influence that transforms and drives him.  Drawing on this inner, instinctive strength, the Ghost Rider learns to bend the curse and to use his fiery skulled night time persona to defend good and fight evil.

## The Theft of Ghost Rider

7.    Johnny Blaze/Ghost Rider is a fictional character originally conceived, created and authored by Plaintiff Gary Friedrich more than 35 years ago.

8.    Plaintiff Gary Friedrich also conceived, created and authored the unique story of how and why Blaze sells his soul to the devil and becomes the tormented fiery-skulled motorcycle riding anti-hero with superpowers, and the surrounding background (hereafter referred to as the "Origin Story") and conceived the other principal characters of the Origin Story,  Barton Blaze and Roxanne and Crash Simpson, more than 35 years ago.

9.     There is no dispute that Plaintiff Gary Friedrich created Johnny Blaze/Ghost Rider and the Origin Story and its characters.

10.     Yet, recently, encouraged, spearheaded and joined by the Marvel companies, a group of major entertainment industry players including Defendants Sony and Hasbro, have joined together to take the Plaintiffs' Characters and Origin Story from them without any authorization or compensation. They have begun selling, promoting, and marketing a full length feature film, action figures, video games, and various products based on, featuring, copying, and utilizing the Ghost Rider and related characters and the Origin Story, all without any authorization of Plaintiffs.

11.     In so doing, the Defendants, in concert with each other and others, have converted and improperly profited from Plaintiffs' property rights, have infringed and improperly profited from Plaintiffs' copyrights, have violated other laws and rights of the Plaintiffs, and have damaged Plaintiffs as more fully described below.

## Parties, Jurisdiction, and Venue

12.     Johnny Blaze/Ghost Rider is a superhero of a type otherwise unknown -- an antihero who is able to fight off the evil which seeks to claim him and to use his evil-sourced abilities to perform heroic deeds for mankind during nighttimes of personal torment.

13.     Plaintiff Gary Friedrich Enterprises LLC is an Illinois Limited Liability Company authorized to do business in Illinois, doing business in Illinois and with its principal place of business in the Southern District of Illinois. Gary Friedrich Enterprises LLC was formed by Plaintiff Gary Friedrich for the purposes of marketing, promoting, capitalizing on and otherwise exploiting his copyrights and other state law intellectual

property, including the intellectual property rights here in issue. Plaintiff Gary Friedrich Enterprises LLC received by assignment from Plaintiff Gary Friedrich and now has the exclusive right to own and control, *inter alia*, all claims asserted herein, and all, right, title and authority to market, sell, license, assign control and capitalize the copyrights referenced herein, Gary Friedrich's own name and persona and the public recognition, attendant thereto, the name, persona, and public recognition of Johnny Blaze/Ghost Rider and the other characters Friedrich has created, and Friedrich's other statutory and common law rights, within the Southern District of Illinois and elsewhere in the world.

14.     Plaintiff Gary Friedrich is an individual, who created Johnny Blaze/Ghost Rider, the Origin Story, and other related characters. Gary Friedrich acknowledges the assignment of the claims asserted herein and of all of his rights in such characters, Origin Story and Spotlight Work copyright discussed more fully below to Gary Friedrich Enterprises, L.L.C., and joins in this action individually solely to preserve any rights that may for some reason be found to be outside of that assignment or that he may be found to have if such assignment is found for any reason to be ineffective or void.

15.     Upon information and belief, Marvel Enterprises, Inc., (hereinafter "Marvel Enterprises") is a Delaware corporation with its principal place of business in the state of New York, which transacts and conducts business within the state of Illinois and the Southern District of Illinois, and which took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

16.     Upon information and belief, Marvel Entertainment, Inc., (hereinafter "Marvel Entertainment") is a Delaware corporation with its principal place of business in

the state of New York, which transacts and conducts business within the state of Illinois and the Southern District of Illinois and which took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

17.     Upon information and belief, Marvel Characters, Inc., (hereinafter "Marvel Characters") is a Delaware corporation that is wholly owned by Marvel Entertainment, has its principal place of business in the state of New York, and transacts and conducts business within the state of Illinois and the Southern District of Illinois and which took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

18.     Upon information and belief, Marvel Studios, Inc. (hereinafter "Marvel Studios"), is a Delaware corporation that is wholly owned by Marvel Entertainment, has its principal place of business in the state of California, and transacts and conducts business within the state of Illinois and the Southern District of Illinois and which took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

19.     Upon information and belief, Marvel Entertainment, Marvel Enterprises, Marvel Characters and Marvel Studios are instrumentalities, agents and representatives of each other and act to further the joint interests of each other. The actions of Marvel Enterprises, Marvel Entertainment, Marvel Characters, and Marvel Studios relevant to this action were taken by each of such entities on behalf of themselves and each other and as agents and/or instrumentalities of each other and pursuant to a joint venture and common design.

20.     Hereinafter, Marvel Entertainment, Marvel Enterprises, Marvel Characters and Marvel Studios shall be jointly and collectively referred to as "Marvel" or the "Marvel Defendants."

21.     Upon information and belief, Hasbro, Inc., (hereinafter, "Hasbro") is a Rhode Island corporation with its principal place of business in Pawtucket, Rhode Island, has a registered agent in the State of Illinois, transacts and conducts business within the state of Illinois and the Southern District of Illinois, and took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

22.     Upon information and belief, Take-Two Interactive Software, Inc., (hereinafter "Take-Two"), is a Delaware corporation with its principal place of business in New York, and transacts or otherwise conducts business within the state of Illinois and the Southern District of Illinois and took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

23.     Upon information and belief, Sony Corporation of America, (hereinafter referred to as "Sony Corporation") is a New York corporation with its principal place of business in New York, and which transacts and conducts business within Illinois and the Southern District of Illinois and which took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

24.     Upon information and belief, Sony Pictures Entertainment, Inc., (hereinafter referred to as "Sony Pictures") is owned by Sony Corp, is a Delaware corporation with its principal place of business in Culver City, California, has a registered agent in the State of Illinois, transacts and conducts business within the state of Illinois

and the Southern District of Illinois and took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

25.     Upon information and belief, Columbia Tri-Star Motion Picture Group (hereafter referred to as "Columbia Tri-Star") is managed, controlled or otherwise owned by Sony Pictures, and owns, manages or controls or is otherwise a parent company of Columbia Pictures Industries, Inc., and took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

26.     Upon information and belief, Columbia Pictures Industries, Inc., (hereafter referred to as "Columbia Pictures") is owned by Sony Corporation and/or Sony Pictures, is a Delaware corporation with its principal place of business in Culver City, California, has a registered agent in the State of Illinois, and transacts and conducts business within Illinois and the Southern District of Illinois and took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

27.     Upon information and belief, Sony Pictures, Columbia Tri-Star and Columbia Pictures are instrumentalities, agents and representatives of Sony Corporation and/or each other and the actions and inactions of each of Sony Corporation, Sony Pictures, Columbia Tri-Star and Columbia Pictures relevant to this action were taken by each such entity on behalf of themselves and on behalf of each and as agents, instrumentalities of each other and pursuant to a joint venture and common design.

28.     Hereinafter, Sony Corporation, Sony Pictures, Columbia Tri-Star and Columbia Pictures shall be referred to jointly and collectively as "Sony."

29. Upon information and belief, Crystal Sky, LLC, (hereinafter "Crystal Sky"), is a California corporation with its principal place of business in Los Angeles, California, and transacts and conducts business within the state of Illinois and the Southern District of Illinois and took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

30. Upon information and belief, Michael De Luca Productions, Inc., (hereinafter "De Luca"), is a California corporation with its principal place of business in Beverly Hills, California, and does transact or conduct business within the state of Illinois and the Southern District of Illinois and which took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

31. Upon information and belief, Relativity Media, LLC., (hereinafter "Relativity Media,") is a California limited liability corporation with its principal place of business in West Hollywood, California, and transacts or otherwise conducts business within the state of Illinois and the Southern District of Illinois and took the actions hereinafter described which had effect within the Southern District of Illinois with the intent that they have such effect.

32. Upon information and belief, Crystal Sky, De Luca, and Relative Media, along with Sony, took such actions on behalf of one or another or in conjunction with one another, along with actions by each on behalf of themselves and on behalf of each and as agents, instrumentalities of each other and pursuant to a joint venture and common design.

33.    Hereinafter, Sony, Marvel, Crystal Sky, De Luca and Relativity Media shall be jointly and collectively referred to as the "Movie Defendants."

34.    This Court has federal jurisdiction under 28 U.S.C. § 1331 for the claims arising under the Copyright Act, 17 U.S.C. §§ 101, et seq., for claims arising under the Lanham Act, 15 U.S.C. §§ 1125, and under 28 U.S.C. § 1338(a) and (b).

35.    This Court has jurisdiction over the state law actions asserted herein pursuant to 28 U.S.C. § 1332 in that this action is between citizens of different states to which an amount in controversy exceeds $75,000. Further this Court has jurisdiction over all state law claims pursuant to 28 U.S.C. § 1367.

36.    This Court has personal jurisdiction over each of the several Defendants in that each is transacting or otherwise conducting business throughout the State of Illinois, and specifically, in the Southern District of Illinois, that each of the torts and wrongful acts were taken in or had their effect felt in the Southern District of Illinois and because they can be found here. By further reason, each of the Defendant's unlawful acts alleged herein were taken with the knowledge and intent that said acts would have an effect on the Plaintiffs and the public in the State of Illinois and within the Southern District of Illinois

37.    The Movie Defendants have promoted, advertised, solicited business, and, in fact, conducted and transacted business and sales in the State of Illinois by causing a motion picture to be licensed, promoted, sold, transferred, and displayed throughout the Southern District of Illinois.

38.     Defendants Hasbro and Take-Two and Marvel have promoted, advertised, and sold merchandise, goods and products in the State of Illinois and throughout the Southern District of Illinois, including action figures, collectibles and video games.

39.     Venue is proper in this District pursuant to 28 U.S.C. §1391(a), (b), and (c) and 28 U.S.C. § 1400(a).

## FRIEDRICH'S CREATION AND OWNERSHIP OF THE CHARACTERS

40.     Plaintiff Gary Friedrich conceived, developed, created, articulated, particularized, authored and brought to life Johnny Blaze/Ghost Rider out of his own creativity and endeavor and at his own instance and expense.

41.     Plaintiff Gary Friedrich also conceived, developed, created, articulated, particularized, and authored and brought to life the Origin Story out of his own creativity, endeavor, and at his own instance and expense.

42.     Plaintiff Gary Friedrich also conceived, developed, created, articulated, particularized, and authored and brought to life the Roxanne Simpson Character, the Barton Blaze Character, and the Crash Simpson Character (hereafter, along with Johnny Blaze/Ghost Rider referred to together as the "Friedrich Characters" or "Characters") out of his own creativity, endeavor, and at his own instance and expense.

43.     Plaintiff Gary Friedrich created and authored the Blaze persona and the Origin Story as a commercial, profit-making endeavor, intending to use the same for his own commercial and economic gain.

44.     Plaintiff Gary Friedrich made his intent to utilize the Characters, their personas and Origin Story for economic and commercial gain known throughout the creation process and at least as early as 1968.

45.     Plaintiff Gary Friedrich also set out to engender public recognition of the Johnny Blaze/Ghost Rider character and the related Characters and personas and of himself as the creator of the Characters and Origin story and as a comic book industry figure.

46.     Under the express language of the statutory scheme, federal copyright law does not extend to protect a fictional character in the abstract, outside of any particular storyline or work, since the character was and is an idea and concept and federal copyright law specifically does not extend to, cover, or preempt laws dealing with the protection of ideas and concepts. Characters are thus protected under state law as a form of intangible property, if they are sufficiently novel, concrete, and detailed.

47.     Recently, however, notwithstanding the express language of the copyright statute to the contrary, in an effort to protect authors of characters, several federal courts have extended copyright protection to cover the characters contained within a copyrighted work so that a copyright over a work prevents the copying or use of the characters from it in completely different works, as well as in true copies.

48.     As set forth below, Plaintiff Gary Friedrich is the author and Gary Friedrich Enterprises is the owner and holder of the copyright over the Spotlight Work, the work which first introduced his Johnny Blaze/Ghost Rider character and related Characters, and of the copyrights covering several following comic books featuring such Characters, and thus enjoys any and all copyright protection that may exist for such Characters.

49.     However, the Blaze/Ghost Rider character and persona and the related Characters created by Gary Friedrich for the Origin Story were each, novel, original, and

concrete characters and each of such Characters were fully defined, detailed, articulated, particularized, existing and complete prior to the thought of the creation of the Spotlight Work or his authorship of the Spotlight Work.

50.     Plaintiff Gary Friedrich Enterprises, as assignee from Gary Friedrich, thus also owns such Characters as protectible property interests under state law property rights and property law for all purposes, if the same are not copyrightable, and for any reasons, purposes and uses not addressed by copyright law and/or to the extent copyright law does not apply.

51.     The Origin Story was also original, novel and concrete and contained defined, articulated, particularized and detailed plot points, characters, events, occurrences, motivation.

52.     Gary Friedrich Enterprises thus also owns the Origin Story line as protectible property interests under state law property rights and property law for all purposes, if the same are not copyrightable, and for any reasons, purposes and uses not addressed by copyright law and/or to the extent copyright law does not apply.

53.     Friedrich is and has been the owner of all right and title to the Johnny Blaze/Ghost Rider character under state law since Gary Friedrich created it.

54.     Friedrich is and has also been the owner of all right and title to the other Characters under state law since Gary Friedrich created them.

55.     Friedrich is and has been the owner of the storyline expressed in the Origin Story under state law since Gary Friedrich created it.

56.     As noted below, Friedrich also owns and holds any and all copyrights covering such Characters.

## CREATING A COPYRIGHTED WORK STARRING BLAZE/GHOST RIDER

57.     In 1971, as part of his efforts to yield monetary and economic gain from, and to engender public recognition of the Characters, personas, and Origin Story he had created and to increase and profit from his own public recognition, Plaintiff Gary Friedrich set out at his own instance to create, author and cause a comic book to be published and distributed featuring Johnny Blaze/Ghost Rider and the related Characters and story which he had conceived, authored and created in full and complete form.

58.     To do so, in a meeting specifically initiated and requested by Gary Friedrich and arranged for the purpose of discussing the possible publication of a comic book character and storyline previously developed by Gary Friedrich, Gary Friedrich outlined to the people who ran the comic book section of a company called Magazine Management, in confidence, the details of his previously created Characters and personas and the details of the Origin Story that he had previously developed, and proposed that Gary Friedrich author a comic book featuring those Characters and telling the Origin Story, which Magazine Management would print and distribute.

59.     Magazine Management, through Stan Lee, agreed to the terms of his offer.

60.     Thereafter, Plaintiff Gary Friedrich authored the proposed comic book. Gary Friedrich utilized his existing Origin Story plot line and his existing Johnny Blaze/Ghost Rider character and the other Characters he had previously developed, writing the dialogue to convert the Origin Story into comic book format, and directing and specifying and approving how the Ghost Rider and other Characters he had previously developed would be drawn by the illustrator to ensure that they did not vary from his previously created and designed Characters.

61.     Magazine Management published the comic book work Gary Friedrich authored in 1972, as "Marvel Spotlight" Volume No 5, (the "Spotlight Work").

62.     Gary Friedrich was the motivating force behind the Spotlight Work and was the "author" of the Spotlight Work for copyright purposes and, to the degree copyrightable, was the author of all characters set forth therein for copyright purposes as well[1].

63.     Magazine Management, however, was the proprietor and holder of the copyright on the Spotlight Work for the first copyright term and it was thus published bearing the Magazine Management copyright notice.  A copy of the Spotlight Work is attached hereto and incorporated herein by reference as Exhibit 1.

64.     The character of Johnny Blaze/Ghost Rider and other principal characters in the Spotlight Work were not changed or modified from Gary Friedrich's preexisting Characters or from the preexisting Origin Story.

65.     Other than being adapted to comic book format, the Characters in the Spotlight Work were and are identical to the Johnny Blaze/Ghost Rider persona and other Characters which were originally authored and created by Gary Friedrich at his own instance and expense years before approaching Magazine Management, the illustrations reflected the Characters look and design previously created by  Gary Friedrich and the storyline told through Gary Friedrich's dialogue for the Spotlight Work is the Origin Story that had been previously created by Friedrich.

---

[1] Friedrich does not believe that the contributions of the illustrator rise to the level of co-authorship under copyright law and that Friedrich thus remains the sole author of the Spotlight Work.  However, if for any reason those or other contributions were to be found to create co-authorship, Friedrich would still be, at a minimum, a joint owner of the entire Spotlight Work.

66. In total or large part, the description and revelation of the Johnny Blaze/Ghost Rider character was the essence of the Spotlight Work and the eleven comic books authored by Gary Friedrich which followed.

67. The Spotlight Work is the first publication that contained Johnny Blaze/Ghost Rider.

68. The Spotlight Work is the first publication that contained the Origin Story.

69. Plaintiff Gary Friedrich thereafter authored several additional comic books continuing the adventures of the Johnny Blaze/Ghost Rider and related Characters and personas he had created, which were also published by Magazine Management. Each of these works was a derivative of and based on the Spotlight Work and the characters in the Spotlight and continued the Origin Story.

70. As a matter of law, the original term for the Copyright for the Spotlight Work lasted 28 years; it thus commenced on or about April 1972 and expired on December 31, 2000.

71. Although Magazine Management held the copyright on the Spotlight Work for that initial copyright term it never registered the same with the Copyright Office.

72. Further, as a result of the enactment of the Copyright Act of 1976, as a matter of law, at the expiration of the then subsisting 28-year copyright term the Copyright for the Spotlight Work and for all the characters contained therein reverted to the author of the work, Plaintiff Gary Friedrich.

73. Accordingly, by operation of law, as of January 1, 2001, Gary Friedrich was the owner of the copyright on the Spotlight Work and, to the degree copyrightable,

all of the characters set forth therein, as well as being the owner of the rights to the characters and story line under state law.

74. Similarly, although Magazine Management held the copyrights for the subsequent works that Friedrich authored and that carried on the Origin Story, upon the expiration of the initial terms of those additional works, they also renewed in the name of, and ownership transferred by operation of law to Plaintiff Gary Friedrich.

75. Nonetheless, without any compensation to and without any agreement, consent, or participation of Plaintiff Gary Friedrich, in late 2006 or early 2007, the Defendants herein wrongfully embarked upon a high profile campaign, arrangement, joint venture and conspiracy to exploit, profit from, and utilize Plaintiffs' copyrights, the Johnny Blaze character and persona, the Origin Story, and the related characters and personas created by Plaintiff, in various endeavors, including but not limited to, the use of the same in movie theater presentations and promotions, commercials, action figure toys, video games, clothing and novels.

## COUNT I -- COPYRIGHT INFRINGEMENT UNDER 17 USC § 106, et seq.

## AGAINST MARVEL DEFENDANTS

Plaintiffs, for their Claim of Copyright Infringement under 17 U.S.C. 106, et seq. against the Marvel Defendants, state as follows:

76. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 75 of this Complaint as if fully set forth herein.

77. As a result of the renewal of the copyright in Gary Friedrich's name and his resulting status as the copyright holder of the Spotlight Work, Gary Friedrich enjoyed as of the year 2001 the exclusive rights and privileges in and to the copyright covering

the Spotlight Work and all the protected material contained therein, including, but not limited to, the Origin Story, all storylines and plots, all script, and all characters, including Johnny Blaze/Ghost Rider.

78.     In February 2007, Plaintiff Gary Friedrich, as the holder of the renewal in the Copyright on the Spotlight Work, applied to the United States Copyright Office to register said copyright.

79.     After analyzing and reviewing the application, the United States Copyright Office confirmed Friedrich as the author of the Spotlight Work and as the holder of the Copyright covering the entire Spotlight Work and registered such Copyright in his name. See Certificate of Registration, attached hereto and incorporated herein as Exhibit 2.

80.     The Spotlight Work constitutes a registered work pursuant to the terms of the United States Copyright Act, with Registration Number RE 929-199.

81.     Plaintiff Friedrich is the sole author and Plaintiff Gary Friedrich Enterprises LLC is the current proprietor of all rights, title, and interest in and to the copyright for the work contained therein including, but not limited to, all storylines and plots, all script, and all images and depictions of all characters, including Johnny Blaze/Ghost Rider, and the other Characters introduced and contained in the Spotlight Work.

82.     Nonetheless, beginning at least as early as 2006, the Marvel Defendants have directly, vicariously and contributorily infringed Plaintiffs' copyrights and have induced the other Defendants into infringing Plaintiffs' copyrights in such work.

83.     Notwithstanding the rights of Plaintiff Gary Friedrich, and without any authorization or permission, upon information and belief, Marvel has prepared derivative

works and/or copied all or constituent elements of the Spotlight Work that are original and protected by copyright and/or induced, aided, assisted and cooperated with others who have done so.

84.     Upon information and belief, Marvel has violated Plaintiffs' rights under the Copyright Act by, among other things,

a.   approaching others, including the other Defendants named herein, and contending that Marvel owned the rights to Spotlight Work and/or the characters and/or Origin Story contained therein;

b.   approaching others, including the other Defendants named herein, and contending that Marvel had the right or authority to allow or license others to utilize or copy the Spotlight Work and/or the Origin Story or characters contained therein;

c.   suggesting that the characters and story contained within the Spotlight Work would be suitable for copying into a feature film, action figures, video games and other projects;

d.   convincing such other Defendants and others to create such derivative works and copies of and utilizing the Spotlight Work, the characters or Origin Story contained therein or copies thereof;

e.   agreeing to indemnify and/or hold such Defendants and others harmless from liability if they were to produce works utilizing the Spotlight Work, any characters or Origin Story set forth therein, or any copies thereof;

f.   working with the other Defendants and others on such projects;

g. claiming the ability and authority to license or exploit Plaintiffs'
copyrights to them; and /or

h. falsely affixing or instructing others to affix a copyright notice to various
products, works, advertisements, promotions and publications claiming
Marvel enjoyed copyright ownership of Plaintiffs' characters including
Johnny Blaze/Ghost Rider and/or the Spotlight Work.

85. Marvel had access to the Spotlight Work and each of the works and
products which Marvel purported to authorize, license, contribute to, assist in, and/or
allow other Defendants to produce, market and sell each bear substantial similarity to
works protected under the copyright for the Spotlight Work.

86. The actions and inactions of Marvel set forth in this Complaint are
violations of the exclusive rights of the Plaintiffs to license, use, reproduce copies and/or
derivative works, and the purported licensing, use, distribution, performance and display
of elements of the copyrighted work to the commercial advantage of Marvel as set forth
herein is in violation of the Copyright Act, 17 U.S.C. 106, et seq.

87. Plaintiffs have complied in all respects with the Copyright Act and with all
of the laws of the United States governing copyright.

88. Marvel Defendants have directly infringed Plaintiffs' copyrighted work in
violation of 17 U.S.C. § 106, et seq.

89. The Marvel Defendants are each liable as contributory infringers for, and
for inducing, the acts of the direct, vicarious, and contributory infringement of
Defendants Sony, Hasbro, Take-Two, the Movie Defendants and others who Marvel has
encouraged, induced or purported to license to use Plaintiffs' copyrighted material, as set

out herein, in that Marvel with knowledge of the infringing activity, induced, caused, or materially contributed to such aforementioned infringing conduct.

90. Defendant Marvel is liable as a contributory infringer for, and for inducing the acts of infringement of all other persons they encouraged or purported to license to use the Spotlight Work, the Johnny Blaze/Ghost Rider character, the Friedrich Characters, and/or the Origin Story and any purported licensees thereof, some known and some possibly unknown, who or which copied constituent elements of the Spotlight Work and/or characters that are original and protected by copyright and which created works which bear substantial similarity to works protected under the copyright for the Spotlight Work, in that Marvel with knowledge of the aforesaid infringing activity, induced, caused, or materially contributed to the aforementioned infringing conduct.

91. The direct, contributory, and vicarious infringement by Marvel of Plaintiffs' copyrights and Marvel's inducement of others to infringe Plaintiffs' copyrights has been willful and intentional.

92. Marvel knowingly and willingly purported to license, reproduce, display, distribute and utilize for purposes of trade and promotion unauthorized copies or derivative versions of the Spotlight Work and its copyrighted elements.

93. Marvel has received substantial profits and benefits attributable to and in connection with the unauthorized licensing, reproduction, display, distribution, and utilization for purposes of trade and promotion of derivative versions of the Spotlight Work and the copyrighted elements therein, and all benefits should be disgorged by the Defendant Marvel and paid to the Plaintiffs.

94.     All of the acts complained of herein were done without Plaintiffs permission, license, authorization or consent.

95.     As a result acts of Marvel alleged herein, Plaintiffs have suffered and are suffering substantial damages, including damages to goodwill and reputation, diversion of trade, loss of profits, and a dilution of the value of the Plaintiffs' rights, all of which are not yet fully ascertainable.

96.     The Marvel Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, actual malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs.

WHEREFORE, Plaintiff's respectfully requests the Court enter judgment in their favor and against the Marvel Defendants, determine that none of the Marvel Defendants had any right, title or authority to use or purport to authorize or license others to use the Spotlight Work copyright, enjoining the Marvel Defendants and all those acting in concert with them from taking any further actions to purport to use or license the copyright covering the Spotlight Work or any characters contained therein, and awarding Friedrich :

      a.  actual damages as proven at trial for copyright infringement pursuant to 17 USC § 504 (a) (1) and (b).

      b.  an amount equal to all profits, income, receipts, or other benefit derived by the Marvel Defendants (including but not limited to all license fees, royalties or other amounts) and/or by any and all persons or entities for whose infringement Marvel is vicariously or contributorily responsible or

which Marvel induced into infringing activity, which were derived from the performance, reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereinafter devised, that improperly or unlawfully infringe Plaintiffs' copyright pursuant to 17 USC § 504 (a)(1) and (b).

c. for punitive damages in an amount sufficient to punish and deter this defendant and others from the indicated and similar conduct in the future.

d. attorneys' fees as available under the Copyright Act, 17 USC §§ 505.

e. for costs and interest pursuant to the Copyright Act, 17 USC § 505.

f. for other and further relief as this Court deems just and proper.

## COUNT II – NEGLIGENCE (MARVEL DEFENDANTS)

Plaintiffs for their claim of negligence against the Marvel Defendants, state as follows:

97. Plaintiffs' reallege and incorporate by reference paragraphs 1 through 96 of this Complaint as if fully set forth herein.

98. The Marvel Defendants are in the business of, *inter alia*, capitalizing on, licensing, and authorizing others to utilize intellectual property, the rights to which one or more of the Marvel Defendants received from others.

99. As such, the Marvel Defendants owed a duty to the holders, authors, and owners of intellectual property, including copyright holders, character owners and work creators such as and including Plaintiff Gary Friedrich, to exercise reasonable care in

determining whether or not the Marvel Defendants had or have the lawful right to authorize others to utilize the intellectual property of such holders, authors and owners.

100. The Marvel Defendants failed to exercise such reasonable care prior to asserting to the other Defendants and other third parties that they purportedly had the right, authority and ability to authorize such Defendants and others to utilize the intellectual property rights of Plaintiff Gary Friedrich and prior to purporting to authorize them to do so.

101. As a result of the Marvel Defendants violations of this duty of care, Plaintiffs have suffered damages in that their intellectual property rights have been utilized by others under an apparent claim of right when no such right existed, the value of such intellectual property rights has been diminished, Plaintiffs have failed to receive a reasonable royalty for the use of intellectual property, and in other matters and respects which shall be proven at trial.

WHEREFORE, Plaintiff's requests the Court enter judgment in their favor and against the Marvel Defendants, jointly and severally, and award Plaintiffs actual damages as determined at trial, together with the costs and attorney's fees incurred in connection herewith, and such other and further relief as justice may require.

<u>**COUNT III -- ACCOUNTING (MARVEL DEFENDANTS)**</u>

Plaintiffs for their Demand for an accounting against the Marvel Defendants, state as follows:

102. Plaintiffs reallege and incorporate by reference paragraphs 1 through 93 of this Complaint as if fully set forth herein.

103.     The Marvel Defendants, upon information and belief, have purported to have authority to license or otherwise authorize others to utilize, copy or otherwise profit from the Johnny Blaze/Ghost Rider character and the other "Friedrich Characters," the Origin Story and/or the Spotlight Work, in exchange for the payment to one or more of the Marvel Defendants of payments or other benefits.

104.     The Marvel Defendants had no right to authorize others to utilize, copy or otherwise profit from the Friedrich Characters, the Origin Story or the Spotlight Work, or to receive payments or benefits in exchange therefore.

105.     Plaintiffs have no ability to determine the complete list of parties to whom the Marvel Defendants have purported to grant such authorization or the amounts which Marvel Defendants have or will receive in conjunction therewith absent a full accounting.

106.     Plaintiff Friedrich Enterprises is the sole owner of the Spotlight Work copyright. However, in the alternative, should any of the Marvel Defendants claim and somehow establish themselves as joint owners, and were somehow able to claim and establish a right to license others to use the copyright without Plaintiffs' permission, Plaintiffs would still be entitled to an accounting of half the monies received by the Marvel Defendants from such activity and to all the monies received from any purported licensing not based on the copyrighted work.

WHEREFORE, Plaintiffs request the Court to enter judgment in their favor and against all Marvel Defendants and to order each of the Marvel Defendants to provide a full accounting of any and all monies received or to be received from or in connection with the Origin Story, the Spotlight Work, and/or the Friedrich Characters, to determine

Plaintiffs' fair share thereof, and to award such amount to the Plaintiffs, along with their costs and attorneys fees and such other relief as justice may require.

**COUNT IV – WASTE (MARVEL DEFENDANTS)**

Plaintiffs for their claim for waste against the Marvel Defendants, states as follows:

107.     Plaintiffs reallege and incorporate by reference paragraphs 1 through 106 of this Complaint as if fully set forth herein.

108.     The Marvel Defendants have failed to properly utilize and capitalize on the Spotlight Work, the Origin Story, and the Characters contained therein.

109.     In its attempt to capitalize on the Spotlight Work, the Marvel Defendants have damaged the worth and value of the Work and the Copyright covering it, and failed to take reasonable steps to promote, protect, and achieve greater benefits, fees, and results, and has accepted less than a reasonable royalty under the circumstances from persons to whom the Marvel Defendants purported to license that copyright.

110.     As a result, Friedrich has been harmed in the underutilization and improper use of his property interests and the failure to gain greater fees and royalties from its use, and in that he will be unable to earn as much from the same in the future.

111.     The Marvel Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, actual malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs.

WHEREFORE, for the foregoing reasons, Plaintiffs demand judgment against the Marvel Defendants for all harm incurred as a result of the waste of their property rights and interests in the Spotlight Work and their property rights contained therein,

including, without limitation, all sales, income and profit earned by Defendants thereon, all pre and post judgment interest obtained therein, all costs incurred as a result of this action, for punitive damages in an amount sufficient to punish and deter this defendant and others from the indicated and similar conduct in the future, economic harm and damages in failing to properly utilize the works, and all other remedies this Court deems just and proper.

## COUNT V -- TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS EXPECTANCY (MARVEL DEFENDANTS)

Plaintiffs, for their claim for tortious interference with prospective business expectancy against the Marvel Defendants, state as follows:

112.    Plaintiffs realleges and incorporates by reference paragraphs 1 through 111 of this Complaint as if fully set forth herein.

113.    Friedrich, as the author, creator, and owner of the Origin Story, the Friedrich Characters, the Spotlight Work copyright, and/or all elements in the Spotlight Work, and as author and scripter for the first twelve issues featuring Johnny Blaze/Ghost Rider and the copyrights thereon, had a reasonable expectancy of entering into valid business relationships with third parties to obtain business, goodwill, and other pecuniary interests associated with the use of his property interests and the Spotlight Work.

114.    The Marvel Defendants knew or had reason to know that Friedrich would be entitled to and would have received substantial financial payment and business relationships from third parties on account of their ownership of the Characters and story of Johnny Blaze/Ghost Rider.

115. The Marvel Defendants purposefully and intentionally interfered with Plaintiffs' business and economic expectancy from ripening into a valid business relationship by taking the wrongful actions and inactions set forth above.

116. Plaintiffs have been harmed through the loss of business, including the loss of reasonable royalties, profits, revenues, and creative control over derivative works and other projects, resulting from the purposeful and intentional acts of the Defendants.

117. The Marvel Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, actual malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs.

WHEREFORE, for the foregoing reasons, Plaintiffs demand judgment against the Marvel Defendants for all harm incurred as a result of the wrongful interference with the business expectancy of the Plaintiffs, including, without limitation, all sales, income and profit earned by the Defendants thereon, for punitive damages in an amount sufficient to punish and deter this Marvel Defendants and others from the indicated and similar conduct in the future, all pre and post judgment interest obtained therein, all costs incurred as a result of this action and all other remedies that this Court deems just and proper.

## COUNT VI -- COPYRIGHT INFRINGEMENT UNDER 17 USC § 106, et seq. ARISING FROM UNAUTHORIZED CREATION AND PROFITTING FROM THE GHOST RIDER FILM (SONY, MOVIE DEFENDANTS AND MARVEL DEFENDANTS)

Plaintiffs for their claims of Copyright Infringement under 17 U.S.C. 106, et seq. against Defendants Sony, Movie Defendants and Marvel Defendants, state as follows:

118. Plaintiffs reallege and incorporate by reference Paragraphs 1 through 117 of this Complaint as if fully set forth herein.

119. Notwithstanding the rights of Plaintiffs and without any authorization or permission, Defendants Marvel, Sony, Crystal Sky, De Luca and Relativity Media have copied constituent elements of the Spotlight Work that are original and protected by copyright by creating, producing, distributing and marketing a feature length film containing such elements and the Johnny Blaze/Ghost Rider, Roxanne and Crash Simpson characters. Defendants Marvel, Sony, Crystal Sky, De Luca and Relativity Media had access to the Spotlight Work and each Defendant's works and products as set forth below bear substantial similarity to works protected under the copyright for the Spotlight Work.

120. The Movie Defendants, individually and in concert with one another, produced and published a movie entitled Ghost Rider (the "Ghost Rider Movie") which was released and distributed nationally and internationally on or after February 16, 2007 and which, upon information and belief, has been or shall be released to pay per view television, cable and/or satellite television networks, and on DVD and other home viewable medium.

121. The Ghost Rider Movie incorporates and copies substantial and legally protectible elements of the Spotlight Work, the characters from the Spotlight Work including Johnny Blaze/Ghost Rider, Roxanne and Crash Simpson, and the Origin Story.

122. The illegal copying by Defendants Marvel, Sony, and the Movie Defendants as set out in this Count are violations of the exclusive rights of Plaintiffs as the sole copyright holder and the use of elements of the copyrighted work to the commercial advantage of Defendants Marvel, Sony, and the Movie Defendants as set out herein is in violation of the Copyright Act, 17 U.S.C. 106, et seq.

123. Plaintiffs have complied in all respects with the Copyright Act and with all of the laws of the United States governing copyright.

124. The Marvel Defendants, Sony, and the Movie Defendants have directly infringed Plaintiff's copyrighted work in violation of 17 USC § 106 et seq.

125. Defendant Sony is vicariously liable under the doctrine of respondeat superior for the acts of infringement of their agents, contractors and employees who or which copied constituent elements of the Spotlight Work that are original and protected by copyright and which bear substantial similarity to works protected under the copyright for the Spotlight Work, including but not limited to certain actors, producers, directors, screenwriters, and agents, contractors or employees who prepared, designed, performed or staged special effects scenery, acting, make up, set designs, computer or animated scenery, motorcycle or machinery, costumes or other infringing components incorporated into the Ghost Rider Movie.

126. Defendant Sony is vicariously liable for the acts of infringement of its agents, contractors and employees who or which copied constituent elements of the Spotlight Work that are original and protected by copyright and which bear substantial similarity to works protected under the copyright for the Spotlight Work, including but not limited to certain actors, producers, directors, screenwriters, and agents, contractors