or employees who prepared, designed, performed or staged special effects scenery, acting, make up, set designs, computer or animated scenery, motorcycle or machinery, costumes or other infringing components incorporated into the Ghost Rider Movie. Defendant Sony possessed the right and ability to supervise the aforesaid infringing conduct and Defendant Sony had an obvious and direct financial interest in the exploitation of the copyrighted materials.

127.    Defendant Sony is liable as a contributory infringer for the acts of infringement of its agents, contractors and employees, who or which copied constituent elements of the Spotlight Work that are original and protected by copyright and which bear substantial similarity to works protected under the copyright for the Spotlight Work and/or is liable for the acts of infringement of others who Sony induced to undertake such acts and who or which copied constituent elements of the Spotlight Work that are original and protected by copyright and which bear substantial similarity to works protected under the copyright for the Spotlight Work, including but not limited to certain actors, producers, directors, screenwriters, and agents, contractors or employees who prepared, designed, performed or staged special effects scenery, acting, make up, set designs, computer or animated scenery, motorcycle or machinery, costumes or other infringing components incorporated into the Ghost Rider Movie, and/or advertising agencies or promoters, promotions of the Ghost Rider Movie and/or companies engaged in cross marketing or promotions in conjunction with the release of the Ghost Rider Movie.

128.    Defendant Sony with knowledge of the infringing activity, induced, caused, or materially contributed to the aforementioned infringing conduct.

Dockets.Justia.com

129.     The Movie Defendants are vicariously liable under the doctrine of respondeat superior for the acts of infringement of their agents, contractors and employees who or which copied constituent elements of the Spotlight Work that are original and protected by copyright and which bear substantial similarity to works protected under the copyright for the Spotlight Work, including but not limited to certain actors, producers, directors, screenwriters, and agents, contractors or employees who prepared, designed, performed or staged special effects scenery, acting, make up, set designs, computer or animated scenery, motorcycle or machinery, costumes or other infringing components incorporated into the Ghost Rider Movie.

130.     The Movie Defendants are vicariously liable for the acts of infringement of their agents, contractors and employees who or which copied constituent elements of the Spotlight Work that are original and protected by copyright and which bear substantial similarity to works protected under the copyright for the Spotlight Work, including but not limited to certain actors, producers, directors, screenwriters, and agents, contractors or employees who prepared, designed, performed or staged special effects scenery, acting, make up, set designs, computer or animated scenery, motorcycle or machinery, costumes or other infringing components incorporated into the Ghost Rider Movie.  The Movie Defendants possessed the right and ability to supervise the aforesaid infringing conduct and the Movie Defendants had an obvious and direct financial interest in the exploitation of the copyrighted materials.

131.     The Movie Defendants are liable as contributory infringers for the acts of infringement of their agents, contractors and employees, who or which copied constituent elements of the Spotlight Work that are original and protected by copyright and which

bear substantial similarity to works protected under the copyright for the Spotlight Work and/or is liable for the acts of infringement of others who Sony induced to undertake such acts and who or which copied constituent elements of the Spotlight Work that are original and protected by copyright and which bear substantial similarity to works protected under the copyright for the Spotlight Work, including but not limited to certain actors, producers, directors, screenwriters, and agents, contractors or employees who prepared, designed, performed or staged special effects scenery, acting, make up, set designs, computer or animated scenery, motorcycle or machinery, costumes or other infringing components incorporated into the Ghost Rider Movie, and/or advertising agencies or promoters, promotions of the Ghost Rider Movie and/or companies engaged in cross marketing or promotions in conjunction with the release of the Ghost Rider Movie.

132. The Movie Defendants acted with knowledge of the infringing activity and induced, caused, or materially contributed to the aforementioned infringing conduct.

133. The infringements of Defendants Marvel, Sony, and the Movie Defendants of Plaintiffs' copyrights were undertaken in concert and as part of a joint venture or otherwise on behalf of one another so that each Defendant is jointly and severally responsible for the acts of each other.

134. The infringements of Defendants Marvel, Sony, Crystal Sky, De Luca and Relative Media have been willful, intentional and in total disregard of and with indifference to Plaintiffs' rights by knowingly and willingly licensing, reproducing, displaying, distributing and utilizing for purposes of trade and promotion unauthorized copies or derivative versions of the Spotlight Work and its copyrighted elements.

135.     Defendants Marvel, Sony, Crystal Sky, De Luca and Relativity Media have received substantial profits and benefits attributable to and in connection with the unauthorized licensing, reproduction, display, distribution, and utilization for purposes of trade and promotion of derivative versions of the Spotlight Work and the copyrighted elements therein, and all benefits should be disgorged by said Defendants and paid to the Plaintiffs.

136.     All of the acts complained of herein were done without Plaintiffs' permission, license, authorization or consent.

137.     As a result of the acts of Defendants Marvel, Sony, and the Movie Defendants alleged herein, Plaintiffs have suffered and are suffering substantial damages, including damages to their goodwill and reputation, diversion of trade, loss of profits, and a dilution of the value of the Plaintiffs' rights, all of which are not yet fully ascertainable.

138.     Each of the Defendants Marvel, Sony, and the Movie Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, actual malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs.

WHEREFORE, Plaintiffs respectfully request the Court enter judgment in their favor and against Defendants Marvel, Sony, Crystal Sky, De Luca and Relativity Media, jointly and severally, and award Plaintiffs

> a.  actual damages as proven at trial for copyright infringement pursuant to 17 USC § 504 (a) (1) and (b);
>
> b.  an amount equal to all profits, income, receipts, or other benefit derived by each Defendant (including but not limited to all license fees, royalties or

other amounts) and/or any and all persons or entities for whose
infringement each Defendant is vicariously or contributorily responsible or
which said Defendant induced into infringing activity, which were derived
from the performance, reproduction, copying, display, promotion,
distribution or sale of products and services, or other media, either now
known or hereinafter devised, that improperly or unlawfully infringe
Plaintiffs' copyright pursuant to 17 USC § 504 (a)(1) and (b).

    c.   for punitive damages in an amount sufficient to deter this defendant from
the indicated and similar conduct in the future;

    d.   attorneys' fees as available under the Copyright Act, 17 USC §§ 505;

    e.   for costs and interest pursuant to the Copyright Act, 17 USC § 505;

    f.   for other and further relief as this Court deems just and proper.

## COUNT VII –STATE LAW MISAPPROPRIATION OF CHARACTERS AND OF RIGHT TO CONTROL USE OF SAME (HASBRO and TAKE TWO)

Plaintiffs for their claim for misappropriation of the Johnny Blaze/Ghost Rider
persona and related Characters directed at Defendants Hasbro and Take Two, state as
follows:

139.   Plaintiffs reallege and incorporate by reference paragraphs 1 through 93 of
this Complaint as if fully set forth herein.

140.   As stated previously, Plaintiff Friedrich created and has owned the
Friedrich Characters and the rights to control the use of the same, under state law

141. The idea of such personae for fictional characters was not free and available to all, but rather was kept with Friedrich as he outlined and developed the ideas on his own over a period of years.

142. Whenever Friedrich discussed or disclosed the Friedrich Characters, he did so in trust and confidence and with the understanding that he was not abandoning his claims to ownership of the same or contributing the same to the public, but was rather developing the same and intending to use the same for his own commercial and proprietary purposes.

143. Ultimately, when Friedrich disclosed the Friedrich Characters for the purposes of creating a work that would be distributed to the pubic, he still disclosed the same under confidence, in a fiduciary and/or confidential relationship with Magazine Management and did so for the limited purpose of creating the Spotlight Work and subsequent comics continuing the Origin Story.

144. The disclosure of Johnny Blaze/Ghost Rider was done by Friedrich on his own fruition and done under no obligation or compulsion to.

145. At all times relevant hereto, Defendants Hasbro and Take-Two were aware that the ideas and originality of the Characters were not in the public domain and that Friedrich had disclosed the Characters and Origin Story to Magazine Management in a manner intended to preserve such Characters and Origin Story and to prevent it from going into the public domain.

146. At no time were any of the Defendants herein granted the right by Friedrich to utilize the Characters for any purpose.

147. At all times relevant to this Complaint, the Characters were specific, novel, original and unique in absolute terms, and constituted a property interest pursuant to state law.

148. Defendants Hasbro and Take Two have, without right, authority or permission, each created, marketed, sold and profited from various products that utilize, capitalize, copy, promote, and benefit from the Characters, and which are not based, on, copied from, or derivative from any copyrighted work or storyline.

149. By taking the actions set forth in this Complaint, the Hasbro and Take Two Defendants have improperly appropriated the benefits of the Friedrich Characters, the originality contained within such Characters, and Plaintiffs' right to control the use thereof to themselves, without the consent or authority of the Plaintiffs.

150. Such Defendants wrongful misappropriation has caused Defendants to each improperly profit and caused the Plaintiffs' harm

151. Defendants Hasbro and Take-Two have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, actual malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs.

WHEREFORE, for the foregoing reasons, Plaintiffs' demand judgment against Defendants Hasbro and Take-Two for all harm incurred as a result of each Defendant's wrongful misappropriation of the originality of the Plaintiffs' property interests in the Friedrich Characters, including the failure to receive a reasonable royalty for the use of the same, together with pre and post judgment interest, for punitive damages in an amount sufficient to punish and deter this defendant and others from the indicated and

similar conduct in the future, attorneys fees, all costs incurred as a result of this action and all other relief this Court deems just and proper.

## COUNT VIII -- COPYRIGHT INFRINGEMENT UNDER 17 USC § 106, et seq.
## AGAINST DEFENDANTS HASBRO AND TAKE-TWO

Plaintiffs for their claim of Copyright Infringement under 17 U.S.C. 106, et seq. against Defendants Hasbro and Take-Two, state as follows:

152.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through 138 of this Complaint as if fully set forth herein.

153.    As the copyright holder of the Spotlight Work, Plaintiffs have the exclusive rights and privileges in and to the copyright covering the Spotlight Work, including to the extent the same are copyrightable, the characters and story introduced, and all the protected material contained therein.

154.    Plaintiff Friedrich is the sole author and Plaintiff Gary Friedrich Enterprises LLC is the current proprietor of all rights, title, and interest in and to the copyright for the work contained therein including, but not limited to, all storylines and plots, all script, and all images and depictions of all characters, including Johnny Blaze/Ghost Rider, and the other characters introduced and contained in the Spotlight Work.

155.    Notwithstanding the rights of Plaintiffs, and without any authorization or permission, Defendants Hasbro and Take-Two have copied constituent elements of the Spotlight Work that are original and protected by copyright. Defendants Hasbro and Take-Two had access to the Spotlight Work and each of said Defendants' works and

products as set out below bear substantial similarity to works protected under the copyright for the Spotlight Work.

156. Defendant Hasbro has sold and distributed toys and other products beginning in early 2007 which incorporate and copy substantial and legally protectible elements of the Spotlight Work.

157. Defendant Take-Two has sold and distributed video games and other products beginning in February 2007 which incorporate and copy substantial and legally protectible elements of the Spotlight Work.

158. The illegal copying by Defendants Hasbro and Take-Two as set out in this Count are violations of the exclusive rights of Friedrich as the sole copyright holder and the use of elements of the copyrighted work to the commercial advantage of Defendants Hasbro and Take-Two as set out herein is in violation of the Copyright Act, 17 U.S.C. 106.

159. With respect to the Spotlight Work, Plaintiffs have complied in all respects with the Copyright Act and with all of the laws of the United States governing copyright.

160. Defendants have directly infringed Plaintiffs' copyrighted work in violation of 17 USC § 106, et seq.

161. Defendants Hasbro and Take-Two are liable as contributory infringers for the acts of infringement of their respective other licensees and sub-licensees, who or which copied constituent elements of the Spotlight Work that are original and protected by copyright and which bear substantial similarity to works protected under the copyright for the Spotlight Work in that each of these Defendants with knowledge of the aforesaid

infringing activity, induced, caused, or materially contributed to the aforementioned infringing conduct.

162. The infringement by Defendants Hasbro and Take-Two of Plaintiffs' copyright has been willful, intentional and in total disregard of and with indifference to Plaintiffs' rights by knowingly and willingly licensing, reproducing, displaying, distributing and utilizing for purposes of trade and promotion unauthorized copies or derivative versions of the Spotlight Work and its copyrighted elements.

163. Defendants Hasbro and Take-Two have received substantial profits and benefits attributable to and in connection with the unauthorized licensing, reproduction, display, distribution, and utilization for purposes of trade and promotion of derivative versions of the Spotlight Work and the copyrighted elements therein, and all benefits should be disgorged by the Defendants and paid to the Plaintiffs.

164. All of the acts complained of herein were done without Plaintiffs' permission, license, authorization or consent.

165. As a result of the acts of Defendants Hasbro and Take-Two alleged herein, Plaintiffs have suffered and are suffering substantial damages to Plaintiffs' goodwill and reputation, diversion of trade, loss of profits, and a dilution of the value of the Plaintiffs' rights, all of which are not yet fully ascertainable.

166. On information and belief, Defendants Hasbro and Take-Two have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, actual malice and with gross negligence as to indicate a wanton disregard of the rights of the Plaintiffs.

WHEREFORE, Plaintiffs respectfully request the Court enter judgment in their favor and against Defendants Hasbro and Take-Two, enjoin such Defendants and all acting in concert with them from continuing their infringing activities, and award Plaintiffs:

    a.   actual damages as proven at trial for copyright infringement pursuant to 17 USC § 504 (a) (1) and (b);

    b.   an amount equal to all profits, income, receipts, or other benefit derived by Defendants Hasbro and Take-Two (including but not limited to all license fees, royalties or other amounts) and/or any and all persons or entities for whose infringement Defendants Hasbro or Take-Two is vicariously or contributorily responsible or which Defendants Hasbro or Take-Two induced into infringing activity, which were derived from the performance, reproduction, copying, display, promotion, distribution or sale of products and services, or other media, either now known or hereinafter devised, that improperly or unlawfully infringes Plaintiffs' copyright pursuant to 17 USC § 504 (a)(1) and (b);

    c.   for punitive damages in an amount sufficient to deter this defendant and others from the indicated and similar conduct in the future;

    d.   attorneys' fees as available under the Copyright Act, 17 USC §§ 505;

    e.   for costs and interest pursuant to the Copyright Act, 17 USC § 505;

    f.   for other and further relief as this Court deems just and proper.

## COUNT IX – NEGLIGENCE (ALL DEFENDANTS)

Plaintiffs, for their claim of negligence against all Defendants, states as follows:

167. The allegations of Paragraphs 1 through Paragraph 167 are incorporated herein by reference the same as if fully set forth herein.

168. Defendants are each in the business of creating products or offering services based in whole or in part on the creative innovations, creations and works of others, including copyrights, state law property rights and other intellectual property of others.

169. In conjunction with such business, each of such Defendants owes the true creators and owners of such rights and intellectual property a duty to reasonably investigate any claim of a third person purporting to offer the rights to exploit any such items or intellectual property to insure that such third person actually has the authority to license, transfer or assign the rights involved.

170. In the instant case, each Defendant violated and breached such duty by failure to take reasonable steps to determine whether or not the Marvel Defendants actually had the right, ability and authority to authorize such Defendants to exploit, utilize, copy and profit from the characters, origins, story, and Spotlight Work of Plaintiffs.

171. As a result of Defendants violations and breach of their duties to Friedrich, Friedrich has been damaged in that their intellectual property rights have been utilized by others under an apparent claim of right when no such right existed, the value of such intellectual property rights have been diminished, Plaintiffs have failed to receive a

reasonable royalty for the use of their intellectual property, and in other matters and respects which shall be proven at trial.

WHEREFORE, Plaintiffs request the Court enter judgment in their favor and against the Defendants, jointly and severally, and award Plaintiffs actual damages as determined at trial, together with the costs and attorney's fees incurred in connection herewith, and such other and further relief as justice may require.

## COUNT X – MISAPPROPRIATION OF JOHNNY BLAZE/GHOST RIDER PERSONAS AND RELATED CHARACTERS AND ORIGIN STORY AND RIGHT TO CONTROL USE OF SAME

Plaintiffs, for their claim for misappropriation of the Johnny Blaze/Ghost Rider persona and related characters and the Origin Story directed at all Defendants, state as follows:

172.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 93 of this Complaint as if fully set forth herein.

173.    As stated previously, Gary Friedrich created and Plaintiffs or one of them have owned the Friedrich Characters and the rights to control the use of the same, under state law

174.    The idea of such personas for fictional characters was not free and available to all, but rather was kept with Friedrich as he outlined and developed the ideas on his own over a period of years.

175.    Whenever Friedrich discussed or disclosed the Characters, he did so in trust and confidence and with the understanding that Plaintiffs were not abandoning his claims to ownership of the same or contributing the same to the public, but was rather

developing the same and intending to use the same for his own commercial and proprietary purposes.

176.    Friedrich also created and Plaintiffs or one of them have owned the rights to the Origin Story since Friedrich created the same, and kept said rights as he outlined and developed the idea  as his own and did not make any part free or available to all, and only discussed the same with others in trust and confidence and with the understanding that Plaintiffs were not abandoning his claim of ownership or contributing the same to the public but was rather developing the same for use for commercial and proprietary purposes.

177.    Ultimately, when Friedrich disclosed the Characters and Origin Story for the purposes of creating a work that would be distributed to the pubic, he still disclosed the same under confidence, in a fiduciary and/or confidential relationship with Magazine Management and did so for the limited purpose of creating the Spotlight Work and subsequent comic books.

178.    The disclosure of Johnny Blaze/Ghost Rider was done by Friedrich on his own fruition and done under no obligation or compulsion.

179.    At all times relevant hereto, Defendants were aware that the ideas and originality of the Characters were not in the public domain and that Friedrich had disclosed the Characters and Origin Story to Magazine Management in a manner intended to preserve such Characters and Origin Story and to prevent it from going into the public domain.

180.    At no time were any of the Defendants herein granted the right by either Plaintiff to utilize the Characters or Origin Story for any purpose.

181.    At all times relevant to this Complaint, the Characters and the Origin Story were specific, novel, original and unique in absolute terms, and were never commercially available and constituted a property interest pursuant to state law.

182.    The Defendants herein have wrongfully and without permission utilized the idea and originality of the Friedrich Characters in manners and ways that are not based on any copyrighted depiction of them and which exist outside of any storyline or other reduction to tangible form.

183.    By taking the actions set forth in this Complaint, the Defendants have improperly appropriated the benefits of the Friedrich Characters and Origin Story, the originality contained within such Characters and Origin Story and Plaintiffs right to control the use thereof to themselves, without the consent or authority of Plaintiffs.

184.    Defendants' wrongful misappropriation has caused Defendants to each improperly profit and has caused the Plaintiffs harm.

185.    Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, actual malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs.

WHEREFORE, for the foregoing reasons, the Plaintiffs demand judgment against Defendants for all harm incurred as a result of such Defendant's wrongful misappropriation of the originality of the Plaintiffs property interests in the characters of the Origin Story and Friedrich Characters and the disgorgement of the amounts received by the Marvel Defendants from any and all sales, income and profit earned in conjunction with any use of the Origin Story or Characters including any licensing fees obtained by Defendants Marvel, together with pre and post judgment interest, for punitive damages in

an amount sufficient to deter these Defendants and others from the indicated and similar conduct in the future, attorneys fees, all costs incurred as a result of this action and all other relief this Court deems just and proper

## COUNT XI -- UNAUTHORIZED USE OF PUBLIC RECOGNITION/PUBLICITY OF THE JOHNNY BLAZE/GHOST RIDER AND RELATED CHARACTERS PERSONAS

Plaintiffs for their claim of unauthorized use of public recognition and publicity of the Johnny Blaze/Ghost Rider and related Characters against all Defendants, states as follows:

186.    Plaintiffs reallege and incorporate by reference Paragraphs 1 through Paragraph 186 as if fully stated herein.

187.    The Defendants have used the personas and identities of the Friedrich Characters and the public's recognition of them.

188.    Such use was without consent.

189.    Such use was made with intent to obtain a commercial advantage.

190.    Defendants' actions have caused Plaintiffs to lose the benefits of Friedrich's work in creating a publicly recognizable persona and have resulted in pecuniary loss to Plaintiffs and in an unjust pecuniary gain to Defendants.

191.    The Defendants acted knowingly, willfully and with evil motive or reckless disregard in the acts complained of with oppression, fraud, actual malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs.

WHEREFORE, for the foregoing reasons, Plaintiffs respectfully request the Court to enter judgment in their favor and award damages against all Defendants, jointly and severally, award punitive damages in an amount sufficient to deter these Defendants and others from the indicated and similar conduct in the future and such other relief as the Court deems just and proper.

## COUNT XII -- CONVERSION

Plaintiffs, and for their claim for conversion against the Marvel Defendants, states as follows:

192.    Friedrich realleges and incorporates by reference paragraphs 1 through 192 of this Complaint as if fully set forth herein.

193.    At all times relevant to this Complaint, the Plaintiffs were, have been, and are the rightful owner of the copyright on the Spotlight Work, and of the Origin Story and the Friedrich Characters.

194.    The Marvel Defendants wrongfully, intentionally, and improperly exercised dominion and control over the originality and novelty of Friedrich's property interests (and the Spotlight Work, and the property interest contained therein), and has converted the same for its own benefit, promotion, use, sale, and profit.

195.    Demand was and is hereby made that the Marvel Defendants cease the exercise of such dominion and control, but such Demand was useless and ignored.

196.    The Marvel Defendants took the aforementioned actions and inactions with evil motive and/or reckless indifference to the rights of the Plaintiffs, and willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud,

actual malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs.

WHEREFORE, for the foregoing reasons, Plaintiffs demand judgment against the Marvel Defendants for all harm incurred as a result of the conversion of the originality of the Plaintiffs' Spotlight Work, the Origin Story and the Friedrich Characters, the disgorgement of all sales, income and profit earned by the Defendants, costs, and attorneys fees, punitive damages sufficient to punish and deter these Defendants and others from similar conduct, pre and post judgment interest obtained therein and all other remedies that this Court deems just and proper.

## COUNT XIII -- TRESPASS TO CHATTELS

Plaintiffs, for their claim for trespass to chattels against the Marvel Defendants, state as follows:

197.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 197 of this Complaint as if fully set forth herein.

198.    Marvel intentionally invaded the exclusive possession of Friedrich in using or interfering with the possession of the property rights and interests of Friedrich, including the Spotlight Work, the Origin Story and the Friedrich Characters.

199.    Plaintiffs have protectible interests in the possession of their property rights and interests.

200.    Plaintiffs have been damaged and caused harm as a result.

201.    The Marvel Defendants took the aforementioned actions and inactions with evil motive and/or reckless indifference to the rights of others and willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, actual

malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs.

WHEREFORE, for the foregoing reasons, Plaintiffs demand judgment against Defendant Marvel for all damages incurred as a result of the trespass to Plaintiffs property interests, including the Spotlight Work, the Origin Story and the Friedrich Characters, including the disgorgement of all sales, income and profit earned by the Defendants, costs, and attorneys fees, punitive damages sufficient to punish and defer these Defendants from similar conduct and pre and post judgment interest obtained therein and all other remedies that this Court deems just and proper.

## COUNT XIV -- VIOLATIONS OF THE ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT / ILLINOIS COMMON LAW UNFAIR COMPETITION

Plaintiffs for their claims of Violations of the Illinois Uniform Deceptive Trade Practices Act against all Defendants, state as follows:

202.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 202 of this Complaint as if fully set forth herein.

203.    The actions by the Movie Defendants in trade and commerce in portraying, promoting, or otherwise disseminating the Ghost Rider Movie based on the Spotlight Work has caused confusion or misunderstanding as to whether or not Friedrich is the source of, or has otherwise sponsored or approved of the use of his characters and story therein, and thus each has made misleading or untruthful statements for the purpose of commercial advertising or promoting a party's goods, services or commercial activities and misrepresented the nature and origin of Johnny Blaze/Ghost Rider.

204.     The actions by the Defendant Marvel, Hasbro and Take-Two in trade and commerce in portraying, promoting, or otherwise disseminating products and goods based on the Spotlight Work has caused confusion or misunderstanding as to whether or not Friedrich is the source of, or has otherwise sponsored or approved of the use of his characters and story therein and thus each has made misleading or untruthful statements for the purpose of commercial advertising or promoting a party's goods, services or commercial activities and misrepresented the nature and origin of Johnny Blaze/Ghost Rider.

205.     Defendants' actions constitute unfair competition and deceptive trade practices proscribed by the laws of the State of Illinois, specifically § 815 ILCS 510/ et seq.

206.     The deceptive conduct by the Defendants has caused and will continue to cause a likelihood of confusion or misunderstanding as to the affiliation or association of Friedrich and disparage the business and goodwill of the Plaintiffs by providing consumers with false and misleading information.

207.     As a result of Defendants' acts of unfair competition as alleged above, Plaintiffs will suffer and has suffered a loss of business, profits, goodwill, and reputation in amounts that are yet unascertained, and Defendants are liable to Plaintiffs for costs and attorney fees, in addition to all injunctive relief pursuant to law.

WHEREFORE, for the foregoing reasons, Plaintiffs demand judgment against Defendants Hasbro and the Movie Defendants as a result of their deceptive practices and relief for all harm incurred as a result of the wrongful misappropriation and use of the

Plaintiffs' Spotlight Work and property interests, and demand costs and attorneys fees, and any other relief this Court deems just and proper.

## COUNT XV -- VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, 815 ILCS 505/1 et seq.

Plaintiffs for their claims of violations of the Illinois Consumer Fraud and Deceptive Business Practices Act against Defendants Hasbro, Sony, Marvel, the Movie Defendants and Take-Two, state as follows:

208.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 208 of this Complaint as if fully set forth herein.

209.    The acts and conduct of the Defendants as alleged in this Complaint constitute unfair competition as defined by 815 ILCS 505/, et seq.

210.    The acts, practices, and conduct of the Defendants as stated herein, constitute unfair and deceptive business practices and consumer fraud in violation of 815 ILCS 505/1 et seq., in that said acts and practices were committed in the course of trade and commerce and led the public to conclude based upon the portrayal, advertisements, offerings, distribution, marketing, promotions, and dissemination of the copyrighted elements of the Spotlight Work, that said acts were sponsored, authorized, or otherwise consented to by Friedrich, to the damage and harm of the Plaintiffs.

211.    In portraying, releasing, advertising, and promoting the Ghost Rider Movie and associated merchandise and goods, the Defendants deceived the public into believing that it owned the story and characters to Friedrich's work. Defendants intentionally and falsely represented that they owned the rights, title and interest to the

Spotlight Work and all elements contained therein, all to the detriment and shock of the Plaintiff Gary Friedrich.

212. Marvel and the other Defendants misrepresented, concealed, and omitted material facts to the public as to the actual creator and owner of the Spotlight Work and whether or not Friedrich tacitly approved or otherwise consented to the movie version of his story and characters.

213. As a proximate result of the acts, practices, and conduct of the Defendants, Friedrich has been and will likely continue to be damaged and harmed by a loss to his business expectancy, goodwill, and reputation, whereas the Defendants have obtained an illegal gain of profits.

214. Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, actual malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs.

WHEREFORE, for the foregoing reasons, the Plaintiffs demand judgment against Defendants Hasbro, Sony, Marvel, the Movie Defendants, and Take-Two for all harm incurred as a result of the deceptive practices and wrongful misappropriation of the originality and novelty of the property interest of the Plaintiff, including, without limitation, all sales, income and profit earned by the Defendants thereon, all pre and post judgment interest obtained therein, punitive damages in an amount to punish and deter Defendants and others from similar conduct, all costs incurred as a result of this action and all other relief this Court deems just and proper.

## COUNT XVI -- VIOLATIONS OF THE LANHAM ACT, 15 U.S.C. 1125,

## FOR FALSE ADVERTISING, FALSE ENDORSEMENT AND/OR

## UNFAIR COMPETITION AGAINST SONY, HASBRO, TAKE-

## TWO AND MARVEL

Plaintiffs, for their claims of violations of the Lanham Act under 15 U.S.C. 1125 against Defendants Sony, Hasbro, Take-Two and Marvel, state as follows:

215.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 215 of this Complaint as if fully set forth herein.

216.    In pertinent part, 15 U.S.C. 1125 §43(a) provides as follows:

(a)(1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—

(A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or

(B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities, shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act. See 15 U.S.C. § 1125, §43.

217.    Defendants Sony, Hasbro, Take-Two and Marvel intentionally, wilfully, knowingly and wrongfully, are using, advertising and selling the originality of their products by claiming their products were and are produced solely by themselves and those listed on their products or packaging materials and/or are based on the "Marvel Comics" and by thus falsely designating the originality as their own and the products as solely their own.

218.	By so doing, such Defendants are causing mistake, confusion and deception as to the true origin of such products and the originality of such products, and have falsely and deceptively advertised and promoted such products.

219.	Such Defendants have also intentionally, willfully, knowingly and wrongfully advertised, distributed and promoted elements and characters of the Origin Story, Spotlight Work, and the Characters including without limitation the ideas, concepts, themes, text and plot contained therein, and derivatives thereof, without the consent, express or implied, permission, or authorization of the Plaintiffs and as such, have misrepresented the nature, characteristics and qualities of Friedrich's activities, goods and commercial activities.

220.	On information and belief, consumers have been confused as to the origins of the Defendants' products which have been falsely attributed to be solely the works of Defendants.

221.	Plaintiffs have been and will continue to be injured as a result of the false advertisements made by said Defendants, and their agents and representatives, in the loss of sales, profits, royalties, lost expectancies, and revenues they were and are otherwise entitled to, and by the loss of goodwill that is associated with his property interests.

WHEREFORE, Plaintiffs request the Court enter judgment in their favor and against the Defendants and make an award to Plaintiffs:

a.	For actual damages pursuant to 15 U.S.C. 1117 (a) (2).

b.	For an accounting of all profits, income, receipts, or other benefit derived by Defendants pursuant to 15 U.S.C. 1117 (a) (1).

c.	For a reasonable royalty,

d.  Treble damages and an amount to be determined by this Court to be just under 15 U.S.C. 1117 (a) (3).

e.  Attorneys' fees as available under 15 U.S.C. 1117 (a) (3).

f.  For costs as available under 15 U.S.C. 1117 (a) (3).

g.  For other and further relief as this Court deems just and proper.

## COUNT XVII -- CIVIL CONSPIRACY

Plaintiffs for their claim for civil conspiracy directed at Defendants Hasbro, the Movie Defendants, and Take-Two, state as follows:

222.  Plaintiffs reallege and incorporate by reference paragraphs 1 through 222 of this Complaint as if fully set forth herein.

223.  Each of the Defendants, on its own motive, knowingly and voluntarily participated in a common scheme to use the Spotlight Work, the Friedrich Characters and/or the Origin Story and/or the originality contained therein, to which each knew was owned by Friedrich, for their own commercial advantage by engaging in the wrongdoing noted above and in timing their improper activities in such a manner as to cross market and benefit from the similar wrongdoings of the other Defendants.

224.  Each performed overt acts in furtherance of said agreement to illegally utilize, sell, and unlawfully distribute and transfer various products and merchandise which contained copyrightable elements of the Spotlight Work and infringed upon the state rights property rights in the Friedrich Characters and Origin Story.

225.  That said unlawful activity has caused monetary and economic harm to Friedrich.

226. Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, actual malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs.

WHEREFORE, for the foregoing reasons, the Plaintiffs request the Court enter judgment in their favor and against Defendants Hasbro, Sony, Marvel, the Movie Defendants and Take-Two, jointly and severally, and award Plaintiffs their actual damages, including a reasonable lost royalty, for such loss and/or an amount equal to the profits, revenues and sales wrongfully earned by defendants, pre and post judgment interest costs incurred as a result of this action, punitive damages, attorneys fees, and everything else this Court deems just and proper.

## COUNT XVIII -- IMPOSITION OF A CONSTRUCTIVE TRUST

Plaintiffs for their demand for the imposition of a constructive trust against Defendants Hasbro, Sony, Marvel, the Movie Defendants and Take-Two, state as follows:

227. Plaintiffs reallege and incorporate by reference paragraphs 1 through 227 of this Complaint as if fully set forth herein.

228. Defendants, by reason of the allegations stated herein, have engaged in deceptive, fraudulent, and illegal conduct whereby Defendants are retaining profits from the sales of items based on the copyrighted materials in the Spotlight Work and/or the state law protected Friedrich Characters and Origin Story.

229. Defendants had no authority to undertake the action that lead to such profits and Plaintiffs were the sole persons entitled to earn such profits.

230. By virtue of their acts, Defendants hold illegal profits as constructive trustees for the benefit of the Plaintiffs.

231. Plaintiffs are not currently aware of where the Defendants are depositing said illegal profits obtained from the Defendants wrongful acts against the Plaintiffs and the public.

232. Friedrich is entitled to the immediate possession of said illegal profits.

WHEREFORE, for the foregoing reasons, the Plaintiffs demands judgment against Defendant Hasbro, Sony, Marvel, Crystal Sky, De Luca, Relativity Media and Take-Two for all harm incurred as a result of the infringement and wrongful misappropriation of the originality of the Plaintiffs Spotlight Work including, without limitation, all sales, income and profit earned by the Defendants thereon, all pre and post judgment interest obtained therein, all costs incurred as a result of this action, and all other remedies this Court deems just and proper.

## COUNT XIX – UNJUST ENRICHMENT

Plaintiffs, and for their claim for unjust enrichment against Marvel Defendants, state as follows:

233. Plaintiffs reallege and incorporate by reference paragraphs 1 through 923 of this Complaint as if fully set forth herein.

234. As a result of the foregoing actions and inactions of the Marvel Defendants, Marvel Defendants has been improperly benefited and Plaintiffs have suffered detriment.

235.    Under the circumstances it would be unjust for Marvel Defendants to retain the benefits of their illegal, improper and unauthorized use of the property rights of Plaintiffs.

236.    Defendants have unjustly received financial payments, and the benefits of goodwill, notoriety and publicity associated with the property rights of the Plaintiff to the detriment of the Plaintiffs.

WHEREFORE, for the foregoing reasons, the Plaintiffs demand judgment against Defendant Marvel for all harm incurred as a result of the wrongful misappropriation of the originality and novelty of the property interest of the Plaintiff, and the benefit conferred to the Defendant Marvel to the detriment of the Plaintiff, including, without limitation, all sales, income and profit earned by Defendant Marvel thereon, all pre and post judgment interest obtained therein, all costs incurred as a result of this action and all other remedies this Court deems just and proper.

## COUNT XX – TORTIOUS INTERFERENCE WITH RIGHT OF PUBLICITY

Plaintiffs, for their claim of Tortious Interference with Right of Publicity against all Defendants, state as follows:

237.    Plaintiffs reallege and incorporate by reference paragraphs 1 through 237 of this Complaint as if fully set forth herein.

238.    All Defendants herein knew or should have known that, as the creator of Johnny Blaze/Ghost Rider and other comic characters and the writer of many other comic book series, Plaintiff Friedrich has an established identity and persona with a commercial and pecuniary value in demand in comics books circles, and elsewhere.

239. Defendants knew that promotion and advertisement of Plaintiff Friedrich's creation of Ghost Rider in conjunction with the products, film, and other ventures of Defendants, and utilizing and capitalizing on the Friedrich Characters, the Origin Story and/or the Spotlight Work, would significantly the value of Friedrich's endorsements and the pecuniary value of his persona and identity for commercial purposes.

240. Defendants nonetheless intentionally and wrongfully took the above noted wrongful and unauthorized acts, made products without Plaintiffs' participation or approval, failed and refused to credit or acknowledge Friedrich's association with Ghost Rider and took efforts to distance Plaintiffs from Ghost Rider products in the minds of the public.

241. Defendants did so with the intent and/or foreseeable effect of interfering with Plaintiffs' reasonable expectations that the value of the public recognition of Friedrich and his right of publicity would increase as the result of the release of a theatrical film based on the Spotlight Work and/or the creation of other products based on the Spotlight Work or the Friedrich Characters or Origin Story, and that Friedrich's worth as a speaker, author, and endorser would have dramatically increased

242. As a result of the Defendants actions and inactions, Plaintiffs have been harmed, including damages to Friedrich's goodwill and reputation, diversion of trade, loss of profits, and a dilution of the value of the Plaintiffs' rights.

243. Defendants have willfully engaged in, and are willfully engaging in, the acts complained of with oppression, fraud, actual malice and with such gross negligence as to indicate a wanton and conscious disregard of the rights of the Plaintiffs.

WHEREFORE, for the foregoing reasons, Plaintiffs demand judgment against all Defendants for all harm incurred as a result of the tortious interference with the right of publicity of the Plaintiffs, including, without limitation, all sales, income and profit earned by the Defendants thereon, all pre and post judgment interest obtained therein, damages for the loss of revenues to the Plaintiffs, punitive damages in an amount to punish and deter Defendants and others from similar conduct, all costs incurred as a result of this action and all other remedies that this Court deems just and proper.

## COUNT XXI -- ACCOUNTING (ALL DEFENDANTS)

Plaintiffs, for their Demand for an accounting against the Defendants, state as follows:

244. Plaintiffs' reallege and incorporate by reference paragraphs 1 through 244 of this Complaint as if fully set forth herein.

245. The Defendants, upon information and belief, have purported to have a right to utilize, copy or otherwise profit from the Johnny Blaze/Ghost Rider character and the other "Friedrich Characters," the Origin Story and/or the Spotlight Work.

246. Each Defendant had no right to utilize, copy or otherwise profit from the Friedrich Characters, the Origin Story or the Spotlight Work, or to receive payments or benefits in exchange therefore.

247. Plaintiff Friedrich Enterprises, LLC, has no ability to determine what amounts have been received or will be received in conjunction therewith absent a full accounting.

WHEREFORE, Plaintiffs request the Court to enter judgment in their favor and against all Defendants and to order each of the said Defendants to provide a full

accounting of any and all monies received or to be received from or in connection with the Origin Story, the Spotlight Work, and/or the Friedrich Characters, to determine Plaintiffs fair share thereof, and to award such amount to the Plaintiffs, along with their costs and attorneys fees and such other relief as justice may require.

## DEMAND FOR A TRIAL BY JURY.

Plaintiffs hereby respectfully request a trial by jury for all claims and issues raised in his Complaint that may be entitled to a jury trial.

RIEZMAN BERGER, P.C.

Nelson L. Mitten

Charles S Kramer  (**Lead Counsel**)
(to request admission pro hac vice)
Daniel Bloom
(to request admission pro hac vice)
Frederick Berger
(to request admission pro hac vice)
7700 Bonhomme Avenue
Seventh Floor
St. Louis, Missouri 63105
(314) 727-0101 (phone)
(314) 727-6458 (fax)