**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| GARY FRIEDRICH ENTERPRISES, LLC., et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| MARVEL ENTERPRISES, INC., et al., | ) ) |
| Defendants. | ) |

CAUSE NO. 07-CV-230-WDS

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is plaintiffs' motion to reconsider pursuant to Fed. R. Civ. P. 54(b) (Doc. 83), to which defendants filed a response (Doc. 86), and plaintiffs a reply (Doc. 87). Plaintiffs ask the Court to reconsider its previous Memorandum and Order (Doc. 79) which transferred this case to the Southern District of New York.

The Court first notes that although plaintiffs invoke Rule 54(b), the Court cannot grant the relief they seek. Under the federal rules, parties have only two options by which they can seek reconsideration of the Court's prior order. *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992). The *Deutsch* court explained that if the motion for reconsideration "is served within ten days of the judgment, the motion falls under Rule 59(e); if it is served after that time, it falls under Rule 60(b)." *Id.* Plaintiffs filed their motion for reconsideration on September 28, 2007, within ten days of the Court's Order transferring this case to the Southern District of New York, therefore, plaintiffs motion is properly considered under Rule 59(e).

Under Rule 59(e), a litigant may move the Court to alter or amend a judgment on any of three bases: (1) newly discovered evidence; (2) an intervening change in the controlling law; or

(3) manifest error of law or fact. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995); Fed. R. Civ. P. 59(e). Before considering plaintiffs' arguments, the Court notes that litigants may not use Rule 59(e) to raise legal arguments that could have been raised in their prior pleadings, before the Court's Order. *Id.*

First, plaintiffs argue that the Court erred because its Order "inadvertently overlooks the substantial actions and impacts that occurred in this District, misapplies *Chicago R.I.*, fails to hold Defendants to the burden of proof standard, and fails to accord proper deference to the forum chosen by the Plaintiffs." (Doc. 83). Plaintiffs also argue that the location of plaintiff GFE "was given no deference by the Court," and that the "choice of a forum by a Plaintiff should never be held *in favor* of transfer." (Doc. 87).

The Court first notes that it considered, in its ruling, the connections of this case to this District.[1] Not only did a majority of the material events occur outside of this district, the critical infringement allegedly occurred in New York.[2] Accordingly, the Court correctly applied

---

[1] The Court's previous Order recognized that plaintiff GFE is incorporated here and that plaintiff Friedrich lives in the Eastern District of, Missouri, some 25 miles from this courthouse and outside of the Southern District of Illinois. The Court also recognized that defendants are subject to personal jurisdiction and venue in this district because they appear to conduct business here. The Court further recognized that plaintiff GFE suffered alleged injuries in this district.

The Court also recognized, however, that a majority of the material events in this litigation occurred outside this district. For example, none of the defendants and only the corporate plaintiff, Gary Friedrich Enterprises, LLC (GFE), is a resident in this district. Ghost Rider was allegedly created in either New York, California, or Missouri, but not in Illinois. ) Plaintiff Friedrich pitched a proposal for the comic book in New York. The Court further recognized that the illustrations and dialogue for the comic book were not created here. The Ghost Rider movie was filmed in Australia, not in Illinois. None of the witnesses named live in ths district.

[2] Using information originally found in the Sean O'Leary affidavit (Doc. 62, Ex. 1), plaintiffs continue to argue that, because distribution and merchandising of the alleged infringing product is occurring in this district, the "conduct complained of" is occurring here. Using that same argument, however, either plaintiffs or defendants could establish that the "conduct complained of" occurred anywhere a Ghost Rider DVD is sold. The Court first notes that plaintiffs' attempt to reassert previously denied arguments is unavailing on a motion to reconsider. *Walker v. Monsanto Co. Pension Plan*, 2007 LEXIS 63793, at *12-13 (S.D. Ill. August 29, 2007) (stating that "a district court's rulings are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure")(internal quotation marks and citations omitted). Even if the Court reconsidered plaintiffs' previously rejected arguments, nothing in plaintiffs motion changes our finding that New York is where Ghost Rider was created and where the alleged infringement occurred. (Doc. 70). As defendants asserted, Marvel, located in New

*Chicago R.I. & P.R. Co. v. Igoe* and accorded the proper "minimal" deference to the forum chosen by the plaintiffs because none of the "conduct complained of" occurred in this district. 220 F.2d 229, 304 (7th Cir. 1955). Therefore, the Court cannot grant plaintiffs the relief they seek on this issue.

Second, plaintiffs argue that the Court erred because the "[m]ovants did not establish that jurisdiction and venue over all defendants is proper in the Southern District of New York." Contrary to plaintiffs' assertions, defendants established that venue would be appropriate in the Southern District of New York, as the Court's previous Order discusses. Moreover, 28 U.S.C. § 1404(a) does not require defendants to establish that "jurisdiction over *all defendants*" would be proper in the transferee district. (Emphasis added). Instead, § 1404(a) requires defendants to establish that jurisdiction and venue would be proper in the transferee district. *See Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Plaintiffs clearly could have filed this cause of action in the Southern District of New York because, as previously stated, the events giving rise to the cause of action, the alleged infringement and wrongdoing, occurred in that district. In addition, four of the named defendants reside within the Southern District of New York.[3] Therefore, the Court rejects plaintiffs' argument that jurisdiction and venue is improper in the transferee district.

Third, plaintiffs contend that the Court erred because of the "[m]ovants [sic] failure to file affidavits listing witnesses and their locations should doom their motion from the outset." In

---

York, employed people who created the comic book. *Id.*

[3] Plaintiffs concede that the California defendants would be subject to personal jurisdiction in the Southern District of New York because, under the copyright act, personal jurisdiction is appropriate over a defendant anywhere the infringement allegedly occurs. Because Ghost Rider merchandise was sold throughout the United States, jurisdiction and venue is proper in New York.

support of its argument, plaintiffs cite *Champion Labs, Inc. v. Burch*, 2006 LEXIS 84892, 11 (S.D. Ill. 2006), a case in which the court refused to consider the "convenience of the witnesses" factor in its transfer analysis because the defendant failed to make a generalized statement of what the witness testimony would include. *Id.* at *12. Plaintiffs' assertion that defendants' failure to provide a witness listing "dooms their motion from the outset" is overstated. Plaintiffs do, however, alert the Court to an error in its previous Order. As *Champion Labs, Inc.* instructs, the Court should not have considered the "convenience of the witnesses" factor in its previous analysis because defendants failed to make a generalized statement of what the witnesses' testimony would include. *Id.* at 11. The Court's previous Order stated that the "convenience of the witnesses" factor weighed "in favor of transferring this dispute." Upon review of the record, the Court finds that this factor weighs neither in favor of, nor against transfer.

Fourth, plaintiffs assert that the Court erred because transferring the action to New York actually *increases* the burden on both the California defendants and the plaintiffs. As the Court's previous Order explains, the "convenience of the witnesses" analysis takes into account not only the financial burden transfer would impose upon the parties, but also the residences of the parties. While plaintiffs correctly point out transferring this action increases the burden on plaintiffs, it does not necessarily increase the burden on the California defendants, who will be forced to litigate in a foreign jurisdiction whether in this district or in the Southern District of New York. A transfer that increases the inconvenience to one of the parties is not necessarily inappropriate, and does not end the Court's transfer analysis.

By transferring this litigation to the Southern District of New York, fewer parties to this dispute are inconvenienced. Plaintiffs sued many defendants, the majority of whom reside in

4

New York and California.  Only one party to this litigation resides in this district.[4]  Ultimately, transferring this dispute does not simply "transform" the defendants' inconvenience into an inconvenience for the plaintiffs, it transfers what was otherwise an inconvenience for a majority of the parties to this lawsuit into an inconvenience for a minority.[5]  Therefore, the Court cannot grant plaintiff the relief they seek on this issue.

Fifth, plaintiffs argue that the Court erred because its Order "incorrectly holds that a perceived lack of an ability of this District to compel witnesses to trial weighs in favor of transfer."  Plaintiffs correctly argue that none of the named witnesses in this case reside in this district or in the Southern District of New York.  Plaintiffs incorrectly argue, however, that it was error for this Court to determine that its inability to compel witnesses to testify here weighs in favor of transferring this dispute out of this district.

Finally, plaintiffs state that "the interests of justice weigh heavily in favor of denying transfer."  At the outset, the Court notes that, if transfer is warranted in the interest of justice, the "convenience of the witnesses and parties" components of the transfer analysis becomes less significant. *Coffee v. Van Doran Iron Works*, 796 F.2d 217, 220-21 (7th Cir. 1986).  The Court's previous Order explains why, in the interests of justice, transfer to the Southern District of New York is warranted.  Plaintiffs do not allege any change in controlling law, offer newly discovered evidence, or correct a misapprehension of the Court such that reconsidering its ruling on this issue is appropriate.  Therefore, the Court rejects plaintiffs' argument that the interest of justice

---

[4] This lawsuit was filed six days after establishing the residence of the corporate defendant, GFE, in this district.

[5] Plaintiffs urge the Court to consider the fact that plaintiffs have insufficient means as part of the Court's analysis of the relative burdens that transfer will have on the parties.  The Court is not unsympathetic to the plaintiffs' financial situation, but that fact, alone, is not determinate of the transfer issue.

5

weigh heavily in favor of denying transfer.

Accordingly, the Court **DENIES** plaintiffs motion to reconsider.

The plaintiffs submit that, in the alternative, the Eastern District of Missouri is a more convenient forum. Defendants correctly explain that plaintiffs failed to ask the Court to transfer this case to the Eastern District of Missouri before doing so in their current motion. Plaintiffs attempt to raise this argument for the first time on a motion for reconsideration is unavailing. *See Russell*, 51 F.3d at 749. Litigants may not use Rule 59(e) to raise arguments that could have been raised prior to the Court's Order. *Id.* Plaintiffs had the opportunity to request transfer to the Eastern District of Missouri when it opposed defendants' motion for transfer to the Southern District of New York and failed to do so. Accordingly, the Court **DENIES** plaintiffs' request that this case be transferred to the Eastern District of Missouri.

Finally, plaintiffs ask this Court to certify the Court's previous Order for appeal. Plaintiffs argue that appeal is appropriate to address a "controlling question of law on which there is a substantial ground for difference of opinion and that an immediate appeal of the Order may advance the ultimate termination of the litigation." As the Seventh Circuit explained in *Ahrenholz v. Board of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000), a district court cannot grant an interlocutory appeal unless all four criterion are satisfied, namely, that: (1) there exists a question of law; (2) it is controlling; (3) it is contestable; and (4) its resolution promises to speed up the litigation. Plaintiffs' motion fails for several reasons. First, plaintiffs do not identify a "question of law" from which they intend to appeal. Second, they have not provided the Court with any explanation or reasoning as to why that supposed question of law is controlling, contestable, and promises to speed up the litigation if resolved.

The Court notes a further deficiency in plaintiffs' request. *Ahrenholz* teaches that

6

"question of law" refers to an "abstract issue" or one that the court of appeals can decide quickly and cleanly without having to study the record. 219 F.3d at 676-77. The transfer analysis necessarily requires a thorough factual inquiry and, as such, is trusted to the sound discretion of the trial court. *Coffey*, 796 F.2d at 219 ("The weighing of factors for and against transfer necessarily involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge."). Simply appealing from a grant of a motion to transfer, does not, in and of itself, present such a question of law. Plaintiffs have not established that this issue, whatever it may be, is suitable for determination by an appellate court without a trial record. Simply put, plaintiffs have not presented an abstract legal issue and to hold otherwise would merely waste the time of the court of appeals and further delay litigation at the district court level. Accordingly, the Court **DENIES** plaintiffs' request to certify the record for appeal.

Finally, the Court **DENIES** plaintiffs motion requesting oral argument on the grounds that the briefs of both parties provided a sufficient basis for making a fair determination on plaintiffs' motion for reconsideration.

**IT IS SO ORDERED.**

**DATED: January 30, 2008.**

                                      **s/ WILLIAM D. STIEHL**
                                           **DISTRICT JUDGE**